Joseph COPELAND, Jr., (11–4171),
Todd E. Triplett, (11–4327),
Plaintiffs–Appellants,

v.

The COUNTY OF FRANKLIN, OHIO;
Franklin County Board of Commissioners; Sheriff Jim Karnes, in his official capacity, Defendants–Appellees,

Joseph Cantwell; Phillip R. Barnett, in their individual and official capacities, Defendants.

Nos. 11–4171, 11–4325.

United States Court of Appeals,
Sixth Circuit.

Aug. 23, 2012.

BEFORE: DAUGHTREY, KETHLEDGE, and DONALD, Circuit Judges.

PER CURIAM.

Plaintiffs Joseph Copeland, Jr. and Todd E. Triplett appeal the district court's order of summary judgment against them in their civil-rights action, filed pursuant to 42 U.S.C. § 1983. Copeland and Triplett each filed a complaint in state court against Franklin County (Ohio) Sheriff Jim Karnes, Franklin County, and the County Board of Commissioners (collectively, the County Defendants), as well as two former Sheriff's deputies, alleging violations of their federal civil rights and asserting claims under state law. The two complaints were removed to federal court by the defendants and consolidated. The district court granted the summary judgment motion filed by the County Defendants on the federal claims and declined to exercise supplemental jurisdiction over the state-law claims against those defendants. The claims against the two former deputies were voluntarily dismissed without prejudice.

On appeal, Copeland and Triplett contend that the district court erred in granting summary judgment because the record reflects a genuine issue of material fact as to whether a policy or custom of the Coun-

ty Defendants led to the deprivation of their civil rights. We review a decision granting summary judgment *de novo* and will affirm when there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. *Johnson v. Karnes,* 398 F.3d 868, 873 (6th Cir.2005).

The litigation arose from an incident at the Franklin County jail, where Copeland and Triplett were incarcerated at the time. Apparently, in the course of passing out bologna sandwiches to the inmates, the two former deputies decided to "play a practical joke" on Copeland. According to the complaints, the deputies gave Triplett a sandwich and told him to put his penis on it, threatening him with discipline if he did not comply. They then took a picture of the result with a cell phone. The deputies fed the sandwich to Copeland, who was unaware of its recent contamination, and then showed him the cell-phone picture and made "humiliating and insulting comments." When the incident was discovered by jail officials, both deputies were fired.

Copeland and Triplett contended that the deputies' conduct amounted to a constitutional violation, and they argue on appeal that summary judgment was improper because a jury should have decided whether that conduct was the result of a county policy or custom sufficient to create liability on the part of the County Defendants, relying on *Powers v. Hamilton County Public Defender Commission,* 501 F.3d 592, 607 (6th Cir.2007). In that case, we held that a county "cannot be held liable for the constitutional torts of its employees ... on a *respondeat superior* theory." *Id.* Instead, "liability will attach only where the plaintiff establishes that the [county] engaged in a 'policy or custom' that was the 'moving force' behind the deprivation of the plaintiffs' rights." *Id.* A governmental custom or policy can be es-

tablished by, among other means, evidence of official action or the agency's written policies, proof of inadequate training or supervision, or evidence that such violations are routinely tolerated. *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir.2005).

In this case, Copeland and Triplett claimed that the County Defendants fostered an atmosphere in the jail that encouraged misconduct by the staff and discouraged deputies from reporting on each other. They attributed this situation to the County Defendants' failure to provide adequate training and supervision, and they pointed to the deposition testimony of the former deputies in support of this argument. However, the district court found that the deputies' testimony was self-serving and "an obvious attempt to justify their conduct by claiming that 'everyone does it.'" The court further held, correctly we conclude, that the evidence "falls far short of showing that the (Sheriff's Department) engaged in a 'policy or custom' that was the 'moving force' behind the (alleged) deprivation of (Plaintiffs') rights," quoting *Powers,* 501 F.3d at 607, and citing *Monell v. New York City Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). As the district court noted:

[E]ven when accepting all of the evidence presented by Plaintiffs as true, and drawing all justifiable inferences in their favor, the evidence does not support the accusation that the type conduct engaged in by [the two former deputies] is accepted or ongoing at the Franklin County Jail. In spite of attempts to the contrary, Plaintiffs have failed to provide any evidence to support the contention that the conduct [at issue] was anything other than a violation of the Sheriff's Department's rules and policies carried out by two deputies who were terminated for their actions. Plaintiffs have failed to raise any genu-

ine issue of material fact as to whether there was a policy or custom at the Franklin County Jail that encouraged or permitted the type of behavior in which they engaged—let alone that the alleged policy was the moving force behind the former Deputies' conduct.

On this basis, the district court held that the County Defendants were entitled to summary judgment on the claims filed against them as a matter of law, finding that "no reasonable jury could return a verdict for [the plaintiffs] on their federal law claims filed against the Franklin County Defendants." The district court also declined to exercise supplemental jurisdiction over the state-law claims and dismissed them without prejudice, citing our holding in *Brandenburg v. Housing Authority of Irvine*, 253 F.3d 891, 900 (6th Cir.2001) ("the usual course is for the district court to dismiss the state-law claims without prejudice if all federal claims are disposed of on summary judgment").

We agree with both the district court's reasoning and its result, and we therefore AFFIRM the court's judgment.